# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CIVIL NO. 3:04-CV-164-W**

| | |
|---|---|
| HOPE C. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's objections to the Memorandum and Recommendation ("M&R") (Doc. No. 11) of United States Magistrate Judge Carl Horn, III, recommending that Plaintiff's Motion for Summary Judgment (Doc. No. 8) be denied, that Defendant's Motion for Summary Judgment (Doc. No. 10) be granted, and that the final decision of the Commissioner be affirmed.

This Court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). But judicial review of administrative decision-making does not end there: "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the district court's duty to

determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The district court conducts a de novo review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the M&R to which only general or conclusory objections are lodged may be affirmed by the court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Plaintiff first objects to the magistrate judge's finding that the ALJ properly weighed the opinions of Plaintiff's treating physician, Dr. Neal Taub, as provided in 20 C.F.R. § 404.1527(d). In this case, the ALJ "specifically considered the form completed by Dr. Taub on March 12, 2002," in comparison to other substantial evidence in the administrative record and determined "not [to] accord[] great weight to Dr. Taub's medical opinion." (Tr. 20.) As noted by the magistrate judge, the ALJ's thorough and detailed analysis comports with the requirements of Social Security Ruling ("SSR") 96-2p. The ALJ need not mention by name each factor found in 20 C.F.R. § 404.1527(d), but must only set forth "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record." SSR 96-2p. Here, the ALJ's decision implicitly weighed each of the 20 C.F.R. § 404.1527(d)(1)-(4) factors, including: (1) the fact that Dr. Taub was a treating source ("Dr. Taub is a treating physician.") (Tr. 20); (2) the history and nature of the treatment relationship ("[Dr. Taub] made his assessment of functional capacity on the basis of the claimant's own subjective complaints.") (id.); (3) the extent that the opinion is supported by objective findings ("It is probable that Dr. Taub was completely unaware of the claimant's actual

2

activity level [detailed elsewhere in the ALJ's decision] and his own treatment notes document that in September 2002 that the claimant is doing photographic work at home.") (id.); and (4) the extent that the opinion is consistent with the record as a whole (including the examination and findings by the DDS consultive physician, Dr. Blaumblatt, and Plaintiff's own testimony) (id.). The only 20 C.F.R. § 404.1527(d) factor not specifically considered by the ALJ is whether Dr. Taub possessed special credentials entitling his opinion to greater weight, though it does not appear to be anywhere contended by Plaintiff that Dr. Taub was a specialist. In sum, the ALJ's decision is "sufficiently specific to make clear to [the Court] the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight," SSR 96-2p, and his determination to accord Dr. Taub's opinion less than controlling weight is well supported by substantial evidence in the record. Finding no error, Plaintiff's first objection is overruled.

Plaintiff next objects to the magistrate judge's finding that the ALJ properly determined the credibility of Plaintiff's subjective complaints of pain, as provided in 20 C.F.R. § 404.1529 and SSR 96-7p. Upon de novo review of the administrative record and counsel's arguments, the Court finds the analysis of this issue set forth in the M&R to be thorough and correct. Finding no error, Plaintiff's second objection is overruled.

Plaintiff's objections to the weight given by the ALJ to her treating physician's medical opinions and her own subjective complaints of pain now being overruled, it follows that substantial evidence in the record supports the Commissioner's determination of no disability. Finding no error in the M&R, the Court hereby ADOPTS the recommendation of the magistrate judge and adopts it as the final decision of this court. It is, therefore, ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 10) is

GRANTED, and the final decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Signed: October 23, 2006

Frank D. Whitney
United States District Judge